# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CATHERINE BUCHANAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 13 C 8801** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner** | ) | **Magistrate Judge Susan E. Cox** |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Catharine Buchanan ("Plaintiff") appeals the Commissioner of Social Security's decision to deny her Social Security disability benefits under Title II of the Social Security Act. We hereby construe plaintiff's memorandum in support of reversing the decision of the Commissioner [dkt. 16] as a motion. We grant plaintiff's motion and deny the Commissioner's motion for summary judgment [dkt. 24]. The Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

## STATEMENT

Plaintiff appeals the Commissioner of Social Security's decision to deny her Social Security disability benefits under Title II of the Social Security Act.[1] A motion for summary judgment has been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). We will construe plaintiff's memorandum in support of reversing the decision of the Commissioner as a motion. For the reasons outlined below, we grant plaintiff's motion [dkt. 16] and deny the Commissioner's motion [dkt. 24]. The Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

Plaintiff claims that she has been disabled since June 15, 2007, due to hypertension,

---

[1] *See* 42 U.S.C. §§ 404(g), 216(i), 223(d).

asthma, right leg pain, coronary artery disease depression, and post-traumatic stress disorder.[2]

Plaintiff applied for disability benefits on December 6, 2010.[3] Her application was denied by the

Social Security Administration;[4] Plaintiff's reconsideration of the adverse ruling was also

denied,[5] and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").[6]

Following the hearing, ALJ Patrick Nagle determined, *inter alia*, that: 1) Plaintiff had not

engaged in substantial gainful activity since December 6, 2010; 2) Plaintiff suffered from severe

impairments in the form of hypertension, asthma, right leg pain, coronary artery disease,

depression, and post-traumatic stress disorder; 3) Plaintiff's impairments do not meet the severity

of "the listings" in 20 CFR Part 404, Subpart P, Appendix 1; 4) Plaintiff has the residual

functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b), but can

never climb ladders, ropes, or scaffolds, can only occasionally stoop, should avoid concentrated

exposure to all pulmonary irritants, and is limited to performing simple, routine, and repetitive

tasks; and 5) there are jobs that exist in significant numbers in the national economy that Plaintiff

can perform, given her age, education, work experience and residual functional capacity.[7]

Although, the ALJ found that the Plaintiff's impairments could reasonably be expected to

cause Plaintiff's symptoms, he believed that Plaintiff's "statements concerning the intensity,

persistence and limiting effects of these symptoms are not credible to the extent they are

inconsistent with" the ALJ's RFC assessment.[8] The Plaintiff reported at the ALJ hearing that

she was able to walk 4 or 5 blocks every morning, but that the pain in both of her knees causes

---

[2] R. at 37, 39.
[3] R. 139-144.
[4] R. at 86-89.
[5] R. at 96-98.
[6] R. at 99-101.
[7] R. at 39-46.
[8] R. at 42.

her to walk with a cane.[9]  At her consultative examination with Dr. Liana Palacci, D.O., Plaintiff

denied needing a cane to ambulate, but stated had right knee pain since 2000 that was

exacerbated by walking, and that she suffered from knee crepitus and swelling.[10]  Plaintiff's

treating physician, Dr. Jean Rim, M.D., reported that Plaintiff had 20-50% reduced capacity in

walking, bending, and standing, and noted that Plaintiff had a slow gait that required a cane or

walker for ambulation.[11]  However, the ALJ gave Dr. Rim's assessment "little weight," because

the Plaintiff had treated with Dr. Rim on only three occasions.[12]

The ALJ ruled that the Plaintiff's "admitted level of daily activities is [] inconsistent with

an individual is [sic] would be precluded from performing all work activities," because Plaintiff

reported that she "cooks meals, goes to the grocery store, cleans her house, does laundry, goes

for walks, goes to the library, and takes public transportation."[13]  Taking the Plaintiff's

limitations into account, the ALJ cleared Plaintiff to perform light work.[14]  Due to her leg pain,

the ALJ determined that Plaintiff can never climb ladders, ropes or scaffolds, and can only

occasionally stoop.[15]

## DISCUSSION

### I.     STANDARD OF REVIEW

The ALJ's decision must be upheld if it follows the administrative procedure for

determining whether the plaintiff is disabled as set forth in the Act,[16] if it is supported by

---

[9] R. at 69, 72.
[10] R. at 350-51.
[11] R. at 365-67.
[12] R. at 44.
[13] R. at 45.
[14] *Id.*
[15] *Id.*
[16] 20 C.F.R. §§ 404.1520(a) and 416.920(a).

substantial evidence, and if it is free of legal error.[17] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[18] Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion.[19] A "minimal[] articulat[ion] of her justification" is enough.[20]

## II. THE ALJ FAILED TO BUILD A "LOGICAL BRIDGE" BETWEEN EVIDENCE OF PLAINTIFF'S ACTIVITIES AND THE ABILITY TO PERFORM LIGHT WORK.

In this case, the ALJ failed to build a "logical bridge" between the medical evidence on the record, and his conclusion that Plaintiff is capable of performing "light work" with no limitations on standing or walking, despite her complaints of bilateral knee pain. "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.* To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."[21] According to a Social Security Administration Program Policy Statement, the full range of light work requires a claimant to walk or stand for up to six hours in an eight-hour workday.[22]

Here, the ALJ's finding that Plaintiff's "admitted level of daily activities is [] inconsistent with an individual is [sic] would be precluded from performing all work activities" is insufficient to justify his conclusion that the Plaintiff could perform for light work without limitations on

---

[17] 42 U.S.C. § 405(g).
[18] *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
[19] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).
[20] *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).
[21] 20 CFR 404.1667 (emphasis added); *see also Hermann v. Colvin*, 772 F.3d 1110, 1111 (7th Cir. 2014).
[22] SSR 83–10,1983 WL 31251, at *5–6; *see also Thomas v. Colvin*, 534 Fed. Appx. 546, 549 n.1 (7th Cir. 2013).

4

standing or walking.  The Seventh Circuit has "long bemoaned" ALJs who "have equated the ability to engage in some activities with an ability to do full-time work, without a recognition that full-time work does not allow for the flexibility to work around periods of incapacitation."[23]

The ALJ failed to investigate or analyze the relationship between the activities that Plaintiff testified she could perform and their relationship to Plaintiff's ability to stand or walk for up to six hours per day.  It is unclear from this record how cooking, going to the grocery store, doing laundry, going for four-block walks, or taking public transportation are equivalent to, or indicative of, the ability to engage in light work, as defined by the Social Security Administration.  The ALJ failed to consider that such activities can be done at the Plaintiff's own pace and schedule, and did not analyze the amount of continuous or prolonged standing or walking would be required for the Plaintiff to engage in such activities.  Without this analysis, the ALJ did not draw the "logical bridge" between the medical records (*i.e.*, the Plaintiff's complaints of knee pain and difficulty walking) and her ability to perform "light work" (*i.e.*, Plaintiff's ability to walk or stand for up to six hours in an eight-hour work day).  Failing to do so was legal error, and the ALJ's decision is reversed.

## CONCLUSION

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 16] and the Commissioner's motion for summary judgment is hereby denied [dkt. 24].

**ENTER:**

**DATED:** May 14, 2015                                    /s/ Susan E. Cox

                                                          Susan E. Cox
                                                          United States Magistrate Judge

---

[23] *Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014).